**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4846**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID CARL THOMPSON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-477)

---

Submitted:  August 10, 2005          Decided:  September 15, 2005

---

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Terry F. Rose, Smithfield, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Carl Thompson, Jr., pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(i) (2000), and was sentenced to 322 months in prison. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in his opinion, there are no meritorious issues for appeal. Thompson was advised of his right to file a pro se informal brief, but did not file such a brief. The Government argues that this court must enforce the waiver-of-appellate rights provision in Thompson's plea agreement. We agree and dismiss the appeal.

Thompson signed a written plea agreement containing the following provision:

> [Thompson] expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), . . . excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, ethnic origin and gender.

The plea agreement set forth the minimum and maximum sentence that Thompson faced and made clear that the sentencing guidelines applied and that the court would apply a sentence within those

- 2 -

guidelines unless there was a basis for departure. Thompson admitted that he was guilty of the offenses charged and that the Government could prove his guilt if the case proceeded to trial.

Thompson and his attorney signed the agreement. By signing, Thompson acknowledged that he had read the agreement, had reviewed it with his lawyer, understood it, and voluntarily agreed to it. Thompson also testified at the plea hearing that he was voluntarily entering into the agreement and that he was in fact guilty.

At his Fed. R. Crim. P. 11 hearing, the district court ascertained that Thompson was twenty-nine years old and had a tenth grade education. Thompson was not under the influence of drugs or alcohol. The court identified the rights that Thompson waived by not going to trial, and specifically mentioned the right to appeal. The court stated, "you give up any appeal right in this case in exchange for the government's dismissal of the other charges. Do you understand this, sir?" Thompson stated that he did. The district court concluded that the plea was knowingly and voluntarily entered and accepted Thompson's guilty plea.

On July 14, 2004, Thompson moved to change his plea to not guilty. He alleged that his attorney did not adequately represent him and forced him into pleading guilty. The court held a hearing on August 5, 2004, and Thompson testified that he pled guilty in April because he was concerned about his daughter's safety after

his family received threatening phone calls. He disputed the inculpatory statements he made at the time of his arrest. He stated that he was not truthful when he testified at the plea hearing that he was entering into the plea voluntarily and that no one had threatened or coerced him into taking the plea. He also disputed the facts to which he stipulated in the factual basis for his plea, with the exception of possession of two firearms. The court denied the motion. The court sentenced Thompson to 266 months of imprisonment on the possession with intent to distribute count and a consecutive sixty-month sentence on the firearms count.

In the Anders brief, counsel contends that the district court abused its discretion in denying Thompson's motion to withdraw his plea, that the appeal waiver provision was unknowingly made in light of United States v. Booker, 125 S. Ct. 738 (2005), and that resentencing is required under Booker because the district court contemplated sentencing under mandatory sentencing guidelines. The Government replies that Thompson waived his right to appeal.

Where, as here, a defendant seeks to withdraw his guilty plea before sentencing, he must demonstrate a "fair and just reason" for withdrawal of the plea. See Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United

States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 540 U.S. 1226 (2004). This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

Ordinarily, if the Rule 11 colloquy was properly conducted, and the plea counseled and voluntary, the defendant will have "a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414. Other factors that bear on whether there exists a fair and just reason to withdraw a plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. at 414 (quoting United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)).

We conclude that the district court did not abuse its discretion in denying Thompson's motion to withdraw his plea. Most importantly, the transcript of the Rule 11 proceeding supports the district court's conclusion that Thompson, who had competent counsel, entered his plea knowingly and voluntarily. The charges against Thompson, the rights that he would waive by pleading guilty, and the penalties that he faced were explained to him, and he testified under oath that he understood. In addition, he

expressed satisfaction with his lawyer, with whom he had discussed the case. There is no credible assertion of legal innocence. The delay of three months between Thompson's plea and his motion requesting that he be allowed to withdraw his plea further weighs against a grant of withdrawal. There is nothing in the record to suggest that Thompson had incompetent counsel throughout the plea proceedings; indeed, he claimed to be fully satisfied with his attorney's services. The district court, therefore, did not abuse its discretion in denying the motion to withdraw.

Thompson's challenge to the waiver of appellate rights provision in his plea agreement is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea agreement was enforceable after the Supreme Court's decision in Booker. We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Having decided that it was, we asked whether the issues raised on appeal were within the scope of that motion. They were, and the appeal was subject to dismissal. Blick, 408 F.3d at 164.

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United

States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Thompson's waiver was clearly knowing and voluntary. He was twenty-nine, with a tenth-grade education, and not under the influence of drugs or alcohol when he entered his plea. The district judge questioned him about the waiver of his appellate rights, and Thompson stated that he understood what rights he was waiving. The details of the waiver were clearly set forth in the written plea agreement, which Thompson had read, discussed with his attorney, and understood.

As required by Anders, we have reviewed the entire record on appeal and have found no meritorious issues for appeal. We therefore dismiss the appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

- 7 -

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED